## PREPARATION FOR CRIMINAL TRIAL

*BEFORE THE HONORABLE KEA W. RIGGS*

**A.**     **<u>AUDIO-VISUAL EQUIPMENT</u>**

Parties should notify the Court at least <u>two</u> weeks in advance of trial if they require audio-visual or other special equipment. Parties are responsible for operating any of this equipment.

**B.**     **<u>WITNESSES AND EXHIBITS:</u>**

1.     **EXPERT WITNESS:** Each party shall disclose a written summary of the testimony the party intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial, no later than 30 days before trial.  This summary must describe the witness's opinions, the basis and the reasons therefore, and the witness's qualifications.  The parties shall promptly alert the Court if there are any expert witness disclosure or deadline issues.

2.     Rule 404(b) or Rule 609(b) evidence: The Government will provide Defendant notice of potential Rule 404(b) or Rule 609(b) evidence not less than **TWO (2) WEEKS** in advance of trial. Exchange of EXHIBIT AND WITNESS LISTS: Counsel shall exchange and file with the Court witness and exhibit lists **TWO (2) WEEKS** prior to trial. <u>Objections</u> to EXHIBIT and WITNESS list shall be filed with the Court **FIVE (5) DAYS** after filing of WITNESS and EXHIBIT list.  **\*\*COUNSEL SHALL ENSURE THE COURT HAS A COPY OF ALL OBJECTED TO EXHIBITS PRIOR TO ANY HEARING\*\***

3.     REQUIRED FORMAT FOR EXHIBIT LISTS, NON-ELECTRONIC: When filing their final exhibit lists with the Court prior to trial, parties shall use the format included at the end of this document. Exhibits shall be marked and identified before trial (Government's/Plaintiff's exhibits by numbers and Defendant's exhibits by letters). Once an exhibit has been assigned an exhibit number or letter, it shall retain the same number or letter on all amended exhibit lists and throughout the trial, even if it is later withdrawn.

4.     REQUIRED FORMAT FOR EXHIBIT LISTS, ELECTRONIC: In addition to the requirements set out in #3 pertaining to exhibits, exhibits also need to be submitted in **electronic format.** Refer to attached JERS Informational letter, along with Attorney Guide to JERS for instructions on how to submit electronically formatted trial exhibits to the Court.

5.     EXHIBIT BINDERS DELIVERED TO COURT: **A binder containing a hard copy of all  documentary or photographic trial exhibits that complies with the following requirements must be delivered to chambers TWO (2)**

1

**WEEKS prior to trial**: There must be a numbered index to each set of exhibits which lists and identifies each exhibit in the same manner as the exhibit list filed with the Court, and unless otherwise directed by specific order of the Court, physical evidence or original material requiring maintenance of a chain of custody shall not be submitted to the Court with the exhibit binders before trial.

C.      <u>**SCHEDULING ORDERS**</u>:

Parties shall immediately notify the Court of matters that will require additional preparation time, such as the intent to introduce expert testimony or co-conspirator testimony, so that the Court may allow sufficient time to address potential *Daubert* challenges and to hold *James* hearings. Upon such notification by a party, the Court will hold a scheduling conference to consider deadlines for these issues.

D.      <u>**NON-JURY TRIALS (EXCLUDES JUVENILE PROCEEDINGS)**</u>

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW shall be submitted **TWO WEEKS** after transcripts is complete or as otherwise order by the Court, with references to exhibits, and citations to the record and testimony.

E.      <u>**JURY TRIALS**</u>:

1.      JURY INSTRUCTIONS:

Parties shall **meet and confer in advance** of the deadline to agree on as many instructions as possible. Parties shall be prepared to submit a legal basis for their objections to each instruction on which they do not agree. Parties are expected to AGREE ON STOCK INSTRUCTIONS AND AVOID SUBMITTING TO THE COURT SEPARATE REQUESTS FOR THE SAME STOCK INSTRUCTIONS

OBJECTIONS to Jury Instructions are due **FIVE (5) DAYS** after jury instructions are filed.

Proposed instructions shall be **numbered** and **annotated.** Submit no more than ONE INSTRUCTION PER PAGE. Parties should refer to Tenth Circuit Criminal Pattern instructions.

a.      Submission of proposed instructions to the Court is a **two-step process**:

(1) **E-filing:** Proposed instructions shall be filed with the Court **electronically,** in accordance with D.N.M. LR-Civ. 5.1 at least **TWO (2) WEEKS BEFORE TRIAL** is scheduled.

(2) **E-mail:** In addition to electronically filing their submissions

regarding jury instructions, both parties shall submit to the Court through the e-mail address (riggsproposedtext@nmd.uscourts.gov), the following, in WORD format:

(A) the requested jury instructions; and
(B) proposed special verdict forms and
(C) the parties' Joint Statement of the Case.

NOTE: JOINT STATEMENT OF THE CASE shall be submitted at the same time the jury instructions are submitted **(TWO WEEKS BEFORE TRIAL)**, but should be filed separately. If parties cannot agree on a Joint Statement of the Case, parties should submit separate proposed Statements.

2.     MOTIONS IN LIMINE: shall be filed no later than **TWO (2) WEEKS** before trial. Each issue to be considered requires a separate pleading. No consolidated or omnibus motions, responses or replies will be considered. Responses are due **ONE (1) WEEK** before trial. If a motion in limine is filed earlier than 14 days before trial, the response is due five (5) days after the motion is served. Replies to motions in limine will not be entertained unless specifically requested and allowed.

3.     VOIR DIRE: In the average case, each counsel will be permitted **TEN (10)** minutes to voir dire the venire panel. **Do not argue the case or cite legal principles in your voir dire.** Requested voir dire shall be exchanged between counsel and shall be filed with the Court at least **TWO (2) WEEKS** prior to trial. If counsel cannot agree on proposed voir dire, any objections must be brought to the Court's attention at least **ONE (1) WEEK** prior to trial.

4.     TRIAL SCHEDULE: The parties shall meet and confer and file a proposed detailed trial schedule to include a daily witness schedule with time allotted for direct/re-direct and cross examination.  Counsel shall keep a full day of witness testimony scheduled, anticipating a mid-morning break, lunch break and mid-afternoon break.  Testimony should fill 6 hours a day, (9:00am to 5:00pm). **DUE TWO WEEKS BEFORE TRIAL. COUNSEL WILL BE EXPECTED TO ADHERE TO TRIAL SCHEDULE.**

5.     JURY EVIDENCE RECORDING SYSTEM (JERS):  The U.S. District Court for the District of New Mexico uses the Jury Evidence Recording System (JERS) to present evidence electronically to jurors during deliberation. Use the link below to obtain all instructions for proper formatting and submission of JERS exhibits. *submission shall be by thumb-drive only (no CDs)*

https://www.nmd.uscourts.gov/jers

## WITNESS/EXHIBIT LIST

|  |  | CV/CR |
|---|---|---|
| Plaintiff's Attorney: | Defendant's Attorney: | United States District Court<br>District of New Mexico |
|  |  | Trial Date(s): |
| Presiding Judge: **Kea W. Riggs** | Court Reporter: | Courtroom Deputy: C. Bevel |

| Pltf No. | Deft No. | Witness | Date Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |